# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

WILSON MARIA,

      Plaintiff,

v.                                                              Case No.  8:13-cv-1606-T-30AEP

BALBOA INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Balboa Insurance Company's Motion for Summary Judgment (Dkt. 30).  The Court, having considered the motion, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

This action involves a third-party beneficiary breach-of-contract claim arising from a lender-placed policy of insurance issued by Defendant Balboa Insurance Company. Plaintiff Wilson Maria was the owner of the subject property at the time of the covered loss to the insured home.  The policy issued by Balboa lists the lender, BAC Home Loans Servicing, LP, Maria's mortgagee, as the named insured and names, on the notice of insurance, Maria as the "Borrower".

Maria claims that there is a dispute with Balboa about the amount of the covered loss. In essence, Maria alleges that Balboa refused to honor its obligations under the policy to repair the property.  BAC has chosen not to pursue the insurance claim to date.  In order to enforce his rights as the owner of the property and the "Borrower" during the time of the covered loss, Maria filed the instant action against Balboa for third-party beneficiary breach of contract.

Balboa now moves for summary judgment on the following issues: Maria has been divested of all interest in the subject property; Maria is not a named insured or additional insured under the subject policy; and Maria cannot claim attorney's fees under Fla. Stat. § 627.428.

*This Court*, in a very similar case, considered and rejected the arguments Balboa asserts here.  *See generally Fawkes v. Balboa Ins. Co.,* 2012 WL 527168 (M.D. Fla. Feb. 17, 2012), *reconsideration denied,* 2012 WL 899386 (M.D. Fla. Mar. 16, 2012) (Moody, J.); *Fawkes v. Balboa Ins. Co.,* 2011 WL 557322 (M.D. Fla.  Feb.11, 2011) (Moody, J.).  In *Fawkes*, this Court held that the plaintiff, who was not an "insured" under the subject lender-placed policy, could pursue a breach-of-contract action against the insurer as a third-party beneficiary.  This Court concluded that a borrower, who is a property owner with an "insurable interest" under Fla. Stat. § 627.405, is a third-party beneficiary with standing to bring a claim for breach of the subject policy.

Since the Court's ruling in *Fawkes*, several other courts in the Middle District of Florida have similarly concluded that a property owner may pursue a breach-of-contract claim under a lender-placed insurance policy against the insurance company as a third-party beneficiary. *See McKinney v. Balboa Ins. Co.*, 2013 WL 4495185 (M.D. Fla. Aug. 19, 2013) (Bucklew, J.); *Conyers v. Balboa Ins. Co.,* 935 F. Supp. 2d 1312(M.D. Fla. 2013); *Mitchell v. Balboa Ins. Co.,* 2012 WL 2358563 (M.D. Fla. June 20, 2012) (Kovachevich, J.); *Kelly v. Balboa Ins. Co.,* 2012 WL 4761905 (M.D. Fla. May 29, 2012) (Scriven, J.).

The instant case is distinguishable from *Fawkes* to the extent that, since the time of the covered loss, a Uniform Final Judgment of Foreclosure was entered and a subsequent Certificate of Title was issued, indicating that a Certificate of Sale was executed and filed on November 27, 2012, and the subject property was sold to THR Florida, LP. However, the court in *Conyers* addressed this factual distinction on nearly identical facts and noted that, under Florida law, "an insurable interest is not determined by the concept of title, but rather whether the insured has a substantial economic interest in the property." 935 F. Supp. 2d at 1315-16. The court noted the following:

> In the instant case, the Conyers were the owners of the property at the time of the loss and therefore had an actual, lawful, and substantial economic interest in the safety or preservation of the subject property. Therefore, as defined by Section 627.405, the Conyers have standing to bring this action as third-party beneficiaries.
>
> In the Motion for Summary Judgment, Balboa argues that, due to the final judgment of foreclosure entered against the Conyers in September of 2010, "Plaintiffs have been divested of all interest in the subject property ... and this Court cannot provide Plaintiffs with the relief prayed for in the

Amended Complaint." (Doc. # 27 at 9–10). *This argument is unsupported by Florida law.*

In Florida, as explained above, a party's insurable interest relates to its actual economic interest in the subject property at the time of the loss. Subsequent foreclosure proceedings do not extinguish such an interest unless the underlying debt was discharged in full. *See In re Cayer,* 150 B.R. 829, 831 (Bankr.M.D.Fla.1993) ("'The right to receive the insurance proceeds was fixed at the time of the loss, and subsequent foreclosure proceedings could not have extinguished this right unless the debt evidenced by the note and mortgage was discharged in full.'") (quoting *Sea Isle Corp. v. Hochberg,* 198 So.2d 336, 337 (Fla. 3d DCA 1967)).

*Id.* at 1316 (emphasis added).  The Court sees no reason to depart from this ruling.

Finally, the Court denies Balboa's argument regarding attorney's fees as premature for the same reasons as this Court discussed in *Fawkes.  See Fawkes,* 2012 WL 527168, at *4-*5.

In conclusion, the Court notes that Balboa asserts identical arguments that this Court has considered and rejected without acknowledging the Court's prior rulings in Balboa's subsequent, nearly identical motions. The Court views this as disingenuous. Further, Balboa neglects to acknowledge this Court's sister courts' decisions on these same issues.  For example, Balboa's arguments in the instant motion regarding standing reference a bankruptcy case that is not on point factually and cases from other states.  Balboa does not acknowledge the court's analysis in *Conyers*, that decided the *same* issues on nearly *identical* facts, other than to make a flippant reference to *Conyers* in an unrelated section of Balboa's motion.

The Court cautions Balboa's counsel that it will consider the option of entering sanctions against Balboa's counsel in the future if they continue to file these motions without acknowledging the relevant case law *in this district*.

It is therefore **ORDERED AND ADJUDGED** that Defendant Balboa Insurance Company's Motion for Summary Judgment (Dkt. 30) is denied.

**DONE** and **ORDERED** in Tampa, Florida on February 19, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1606.denymsjlender-placed-policy.wpd